IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAITLYN P. PRUITT, ) | |
| ) | |
| Plaintiff, ) | Case No.: 3:20-cv-750 |
| ) | |
| v. ) | |
| ) | |
| K & B TRANSPORTATION, INC., ) | |
| **Serve:  Brock Ackerman** ) | **JURY TRIAL DEMANDED** |
| **4700 Dakota Avenue** ) | |
| **South Sioux City, NE 68776** ) | |
| ) | |
| GERALD W. BOUTWELL ) | |
| **Serve:  5348 Knollwood Parkway Court** ) | |
| **Apartment A** ) | |
| **Hazelwood, MO 63042** ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, Plaintiff Kaitlyn Pruitt, for her cause of action against the above-named Defendants, and states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff Kaitlyn Pruitt is a resident and citizen of Illinois.

2. Defendant K & B Transportation, Inc. (hereinafter "K & B"), is a corporation that regularly conducts the business of trucking in the State of Illinois, with its principal place of business at 4700 Dakota Avenue, South Sioux City, NE 68776.

3. Defendant Gerald Boutwell (hereinafter "Boutwell") is a resident and citizen of Missouri.

4. US Highway 50 at the intersection with North Shipley Road is an open and public thoroughfare located in the Richland County, State of Illinois.

5. Plaintiff, a citizen of Illinois, and Defendants. Citizens of a foreign state, are diverse parties; and the matter in controversy exceeds that value of $75,000.00, exclusive of interest and costs. Therefore, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(2).

6. At all relevant times, Defendant K & B was operating as an interstate commercial motor carrier, with Defendant Boutwell assisting K & B with said operations, including providing transportation equipment, maintenance and regulatory compliance, including the tractor trailer involved in the subject crash.

7. At all times relevant, including on May 2, 2019, Defendant Boutwell transported and/or operated a tractor trailer in the course and scope of his employment and/or agency for Defendant K & B, throughout Illinois, including the Southern District of Illinois.

8. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Illinois.

9. At all times relevant herein and at the time of this crash, Defendant K & B was acting individually and through its driver, agent, servants and/or employee, whom was acting within the course and scope of his employment with Defendant K & B.

10. At all times relevant set forth herein, Defendants were subject to and required to abide by the rules and regulations set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations) and The Illinois Motor Carrier Safety Law, set forth in 625 ILCS 5/18b, while operating as an interstate commercial motor carrier in the State of Illinois, as well as, 625 ILCS 5/11 of the Illinois Traffic Code.

11. At all times relevant, Defendant K & B, was a commercial motor carrier registered by the U.S. Department of Transportation, D.O.T.#00320526, and authorized to conduct business in the United States and the State of Illinois.

12. At all relevant times, Defendant Boutwell was an employee, agent, and/or servant of Defendant K & B and was working for the benefit of and within the course and scope of said employment.

13. At all relevant times, Defendant K & B either controlled or had the right to control the physical conduct of Defendant Boutwell, as well as the tractor trailer he operated.

14. On May 2, 2019, Plaintiff Kaitlyn Pruitt was traveling eastbound on US Highway 50 at or near the intersection with North Shipley Road. Plaintiff put her turn signal on some distance prior to the intersection and was slowing to turn.

15. At the above-mentioned time and place, Defendant Boutwell, while acting for the benefit of and without the scope of his employment with Defendant K & B, was traveling eastbound on US Highway 50 and attempted to pass Plaintiff who was slowing to turn and sideswiped the entire driver's side of Plaintiff's vehicle.

16. The above-mentioned crash caused or contributed to cause Plaintiff to sustain serious injuries to her neck, back, lower extremities and head.

## COUNT I
## KAITLYN PRUITT V. GERALD BOUTWELL
## NEGLIGENCE

COMES NOW Plaintiff Kaitlyn Pruitt, through counsel, and for her cause of action against Defendant Gerald Boutwell, states as follows:

17. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1-16 above as if more fully stated herein.

18. At the above-mentioned time and place, Defendant Boutwell, as the operator of a motor vehicle, had the duty to exercise the highest degree of care for the safety of other persons upon the roadway, and was careless and negligent in one or more of the following respects:

    a. Defendant Boutwell failed to maintain control of his vehicle;

    b. Defendant Boutwell failed to keep a careful lookout;

    c. Defendant Boutwell drove his vehicle at an excessive rate;

    d. Defendant Boutwell drove too fast for conditions;

    e. Defendant Boutwell failed to take proper remedial action which could have avoided this crash or minimized the impact;

    f.   Defendant Boutwell failed to operate his vehicle in a careful and prudent manner;

    g.   Defendant Boutwell operated the commercial motor vehicle without adequate training and experience;

    h.   Defendant Boutwell drove in an overly aggressive manner;

    i.   Defendant Boutwell drove while distracted and inattentive to the road;

    j.   Defendant Boutwell failed to stop, slow, slacken his speed, sound his horn and/or swerve to avoid colliding with another vehicle when Defendant knew or should have known there was danger of a collision; and

    k.   Defendant Boutwell sideswiped the vehicle operated by Plaintiff.

19. As a direct and proximate result of Defendant Boutwell's carelessness and negligence as detailed above, Plaintiff was injured and damaged; Plaintiff sustained injuries to her neck, back, lower extremities and head; Plaintiff required treatment and will require treatment in the future; Plaintiff's ability to work, labor and enjoy life has been and will be impaired, all to her detriment and damage.

20. As a direct and proximate result of Defendant Boutwell's carelessness and negligence, Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future; Plaintiff lost wages and may lose wages in the future.

**WHEREFORE,** Plaintiff Kaitlyn Pruitt respectfully prays for judgment against Defendant Gerald Boutwell in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars **($75,000.00),** plus costs incurred herein and for such other orders as this Court deems just under the circumstances.

**COUNT II**
**KAITLYN PRUITT V. GERALD BOUTWELL**
**NEGLIGENCE *PER SE* § 304.280.1(1)(a) RSMo.**

COMES NOW Plaintiff Kaitlyn Pruitt, through counsel, and for her cause of action against Defendant Gerald Boutwell, states as follows:

21. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1-20 above as if more fully stated herein.

22. The above-described collision was caused by the *per se* negligence of Defendant Boutwell as follows:

    a. Plaintiff was within the class of persons intended to be protected by RSMo. §304.281.1(1)(a);

    b. Plaintiff's injuries are of the nature that RSMo. §304.281.1(1)(a) was designed to prevent;

    c. Defendant Boutwell followed Plaintiff at an unreasonable distance and at a speed that was unreasonable given the conditions of the highway, thus in violation of 625 ILCS 5/11-710(a) and 625 ILCS 5/11-601(a).

    d. Defendant Boutwell's violation of both 625 ILCS 5/11-710(a) and 625 ILCS 5/11-601(a) proximately caused Plaintiff's injuries and Defendant Boutwell was thereby negligent per-se.

23. As a direct and proximate result of Defendant Boutwell's carelessness and negligence *per se* as detailed above, Plaintiff was injured and damaged; Plaintiff sustained injuries to her neck, back, lower extremities and head; Plaintiff required treatment and will require treatment in the future; Plaintiff's ability to work, labor and enjoy life has been and will be impaired, all to her detriment and damage.

24. As a direct and proximate result of Defendant Boutwell's carelessness and negligence *per se*, Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future.

**WHEREFORE,** Plaintiff Kaitlyn Pruitt respectfully prays for judgment against Defendant Gerald Boutwell in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars **($75,000.00),** plus costs incurred herein and for such other orders as this Court deems just under the circumstances.

### COUNT III
### KAITLYN PRUITT V. K & B TRANSPORTATION, INC.

COMES NOW Plaintiff Kaitlyn Pruitt, through counsel, and for her cause of action Defendant K & B Transportation, Inc., states as follows:

25. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1-24 above as if more fully stated herein.

26. At the above-mentioned time and place, Defendant K & B, as the operator of a motor vehicle, by and through its employee, agent and/or servant Defendant Boutwell, had the duty to exercise the highest degree of care for the safety of other persons upon the roadway, and was careless and negligent in one or more of the following respects:

    a. Defendant K & B by and through its employee, agent and/or servant Defendant Boutwell failed to maintain control of his vehicle;

    b. Defendant K & B by and through its employee, agent and/or servant Defendant Boutwell failed to keep a careful lookout;

    c. Defendant K & B by and through its employee, agent and/or servant Defendant Boutwell drove his vehicle at an excessive rate;

    d. Defendant K &B followed Plaintiff at an unreasonable distance and at a speed that was unreasonable given the conditions of the highway, thus in violation of 625 ILCS 5/11-710(a) and 625 ILCS 5/11-601(a) and was thereby negligent per se;

    e. Defendant K & B by and through its employee, agent and/or servant Defendant Boutwell failed to take proper remedial action which could have avoided this crash or minimized the impact;

    f. Defendant K & B by and through its employee, agent and/or servant Defendant Boutwell failed to operate his vehicle in a careful and prudent manner;

    g. Defendant K & B by and through its employee, agent and/or servant Defendant Boutwell operated the commercial motor vehicle without adequate training and experience;

    h. Defendant K & B by and through its employee, agent and/or servant Defendant Boutwell drove in an overly aggressive manner;

    i. Defendant K & B by and through its employee, agent and/or servant Defendant Boutwell failed to stop, slow, slacken his speed, sound his horn and/or swerve to avoid colliding with another vehicle when Defendant knew or should have known there was danger of a collision; and

    j. Defendant K & B by and through its employee, agent and/or servant Defendant Boutwell sideswiped the vehicle operated by Plaintiff.

27. As a direct and proximate result of Defendant K & B's carelessness and negligence, by and through its employee, agent and/or servant Defendant Boutwell, as detailed above, Plaintiff

was injured and damaged; Plaintiff sustained injuries to her neck, back, lower extremities and head; Plaintiff required treatment and will require treatment in the future; Plaintiff's ability to work, labor and enjoy life has been and will be impaired, all to her detriment and damage.

28. As a direct and proximate result of Defendant K & B's carelessness and negligence, by and through its employee, agent and/or servant Defendant Boutwell, Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future.

**WHEREFORE,** Plaintiff Kaitlyn Pruitt respectfully prays for judgment against Defendant K & B Transportation, Inc., in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars **($75,000.00),** plus costs incurred herein and for such other orders as this Court deems just under the circumstances.

**COUNT IV**
**KAITLYN PRUITT V. K & B TRANSPORTATION, INC.**
**NEGLIGENCE *PER SE* § 304.280.1(1)(a) RSMo.**

COMES NOW Plaintiff Kaitlyn Pruitt, through counsel, and for her cause of action against Defendant Gerald Boutwell, states as follows:

29. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1-28 above as if more fully stated herein.

30. The above-described collision was caused by the *per se* negligence of Defendant K & B by and through its employee, agent and/or servant Defendant Boutwell as follows:

   a. Plaintiff was within the class of persons intended to be protected by RSMo. §304.281.1(1)(a);

   b. Plaintiff's injuries are of the nature that RSMo. §304.281.1(1)(a) was designed to prevent;

   c. Defendant K & B by and through its employee, agent and/or servant Defendant Boutwell followed Plaintiff at an unreasonable distance and at a speed that was unreasonable given the conditions of the highway, thus in violation of 625 ILCS 5/11-710(a) and 625 ILCS 5/11-601(a).

    d.  Defendants violations of both 625 ILCS 5/11-710(a) and 625 ILCS 5/11-601(a) proximately caused Plaintiff's injuries and Defendant K & B was thereby negligent per-se.

31. As a direct and proximate result of Defendant K & B, by and through its employee, agent and/or servant Defendant Boutwell's carelessness and negligence *per se* as detailed above, Plaintiff was injured and damaged; Plaintiff sustained injuries to her neck, back, lower extremities and head; Plaintiff required treatment and will require treatment in the future; Plaintiff's ability to work, labor and enjoy life has been and will be impaired, all to her detriment and damage.

32. As a direct and proximate result of Defendant K & B's carelessness and negligence *per se*, Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future.

**WHEREFORE,** Plaintiff Kaitlyn Pruitt respectfully prays for judgment against Defendant K & B Transportation, Inc. in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars **($75,000.00),** plus costs incurred herein and for such other orders as this Court deems just under the circumstances.

### COUNT V – KAITLYN PRUITT V. K & B TRANSPORTATION, INC.
### NEGLIGENT HIRING OF DEFENDANT BOUTWELL

COMES NOW Plaintiff, Kaitlyn Pruitt, by and through counsel, and for her cause of action against Defendant K & B Transportation, Inc., and hereby respectfully states as follows:

33. Plaintiff restates and incorporates by reference the allegations contained in Paragraphs 1-32 above as if more fully set forth herein.

34. At all times pertinent hereto, Defendant K & B were under a legal duty to exercise ordinary care in the process of investigation, screening and hiring its employees in order to protect members of the public, including Plaintiff, against unreasonable risks of harm.

35. Defendant K & B breached its duty to exercise ordinary care in the process of investigating, screening and hiring Defendant Boutwell.

36. Defendant K & B further breached its duty to exercise ordinary care in the process of investigating, screening and hiring Defendant Boutwell insofar as Boutwell was unqualified to operate a commercial motor vehicle at the time of hiring based upon his driving history, inexperience, lack of skill, lack of training and lack of knowledge.

37. In light of the above, Defendant K & B knew or through the exercise of ordinary care should have known that Defendant Boutwell was unqualified to safely operate a commercial motor vehicle.

38. That because of Defendant Boutwell's inadequacies as alleged herein Defendant K & B should not have hired Boutwell to operate a commercial motor vehicle.

39. Defendant K & B's negligent acts and omissions in hiring Defendant Boutwell proximately caused the injuries and damages sustained by Plaintiff as a result of the aforementioned motor vehicle collision.

WHEREFORE, Plaintiff Kaitlyn Pruitt prays for judgment against Defendant K & B Transportation, Inc., in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs incurred herein and for such other orders as this Court deems just under the circumstances.

**COUNT VI – KAITLYN PRUITT V. D.W. K & B TRANSPORTATION, INC.
NEGLIGENT RETENTION OF DEFENDANT BOUTWELL**

COMES NOW Plaintiff, Kaitlyn Pruitt, by and through counsel, and for her cause of action against Defendant K & B Transportation, Inc., and hereby respectfully states as follows:

40. Plaintiff restates and incorporates by reference the allegations contained in Paragraphs 1-39 above as if more fully set forth herein.

41. At all times pertinent hereto, Defendant K & B were under a legal duty to exercise ordinary care to adequately monitor, investigate and evaluate Defendant Boutwell in connection with

Defendant's decision to retain Boutwell as an employee of the company in order to protect member of the public, including Plaintiff, against unreasonable risks of harm.

42. Defendant K & B further breached its duty to exercise ordinary care to monitor, investigate, evaluate Defendant Boutwell in connection with their decision to retain Boutwell as an employee of the company.

43. Defendant K & B breached its duty to exercise ordinary care in connection with Defendant's decision to retain Boutwell as an employee of the company by insofar as it knew or should have known the Defendant Boutwell was unqualified to safely operate a company vehicle and yet continued to retain him as an employee.  Given that Defendant Boutwell's history includes: three (3) citations for driving while license suspended, revoked, canceled, or disqualified; one (1) citation for larceny/theft; two (2) citations for solicitation prostitution; one (1) citation for soliciting another to commit prostitution; one (1) citation for operating failure to provide proof of insurance; one (1) citation for expired license plate tags; one (1) citation for fraudulent activities; and one (1) citation for failure to yield oncoming traffic when making left turn.

44. That because of Defendant Boutwell's inadequacies as alleged herein Defendant K & B should not have retained Boutwell as an employee authorized and directed to operate a company vehicle.

45. Defendant K & B's negligent acts and omissions in retaining Defendant Boutwell as its employee proximately caused the injuries and damages sustained by Plaintiff as a result of the aforementioned motor vehicle collision.

WHEREFORE, Plaintiff Kaitlyn Pruitt prays for judgment against Defendant K & B Transportation, Inc., in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs incurred herein and for such other orders as this Court deems just under the circumstances.

**COUNT VII – KAITLYN PRUITT V. K & B TRANSPORTATION, INC.**
**NEGLIGENT SUPERVISION OF DEFENDANT BOUTWELL**

COMES NOW Plaintiff, Kaitlyn Pruitt, by and through counsel, and for her cause of action against Defendant K & B Transportation, Inc., and hereby respectfully states as follows:

46. Plaintiff re-states, re-alleges and incorporates by reference paragraphs 1-45, as if more fully set forth herein.

47. On or about May 2, 2019, Plaintiff was injured when its employee, agent and/or servant of Defendant K & B tried to pass her on the left while she was slowing to make a turn and sideswiped the entire driver's side of her vehicle.

48. At the above-mentioned time and place, Defendant K & B, by and through its employee, agent and/or servant Defendant Boutwell, had the duty to exercise reasonable and ordinary care to protect Plaintiff against unreasonable risk of harm, and was careless and negligent in one or more of the following respects:

    a)  Defendant K & B failed to properly supervise, monitor and/or control its employee, agent and/or servant Defendant Boutwell given the Defendant's history of driving offenses;

    b)  Defendant K & B failed to investigate and/or monitor Defendant Boutwell's driving history given that Defendant Boutwell's history of offenses includes: three (3) citations for driving while license suspended, revoked, canceled, or disqualified; one (1) citation for larceny/theft; two (2) citations for solicitation prostitution; one (1) citation for soliciting another to commit prostitution; one (1) citation for operating failure to provide proof of insurance; one (1) citation for expired license plate tags; one (1) citation for fraudulent activities; and one (1) citation for failure to yield oncoming traffic when making left turn.

49. As a direct and proximate result of Defendant K & B's carelessness and negligence as detailed above, by and through its employee, agent and/or servant, Defendant Boutwell, Plaintiff was seriously injured and damaged; Plaintiff sustained physical harm and she required treatment and will require treatment in the future; Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future; Plaintiff's ability to enjoy life has been and will be impaired, all to his detriment and damage.

WHEREFORE, Plaintiff Kaitlyn Pruitt prays for judgment against Defendant K & B Transportation, Inc., in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs incurred herein and for such other orders as this Court deems just under the circumstances.

**GOLDBLATT + SINGER**

*/s/ Shaun M. Falvey*
**SHAUN M. FALVEY #6284797**
sfalvey@stlinjurylaw.com
**AMANDA N. MURPHY #6295289**
amurphy@stlinjurylaw.com
**8182 Maryland Ave., Ste. 801**
**Clayton, MO 63105**
**(314) 231-4100 Telephone**
**(314) 241-5078 Facsimile**

*Attorneys for Plaintiff*