IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| KAITLYN P. PRUIT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Cause No.: 3:20-cv-750-RJD |
| | ) | |
| K&B TRANSPORTATION, INC. | ) | JURY TRIAL DEMANDED |
| And GERALD W. BOUTWELL, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS AND
MOTION TO STRIKE AND SUPPORTING BRIEF[1]**

COME NOW Defendants K&B Transportation, Inc. (hereinafter K&B) and Gerald Boutwell (Boutwell) and through counsel HeplerBroom LLC, and for their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) And Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f), state as follows:

1.      This is a personal injury action, in which Plaintiff has filed suit against both K&B Transportation, Inc. and Gerald Boutwell for injuries she allegedly sustained after a motor vehicle accident that occurred on a road in Richland County, Illinois. Mr. Boutwell was an employee of K&B operating a tractor-trailer owned by K&B Transportation, Inc. on the date of the accident.

2.      Plaintiff filed her seven count Complaint in this Court alleging Defendant Boutwell was negligent (Count I) and negligent *per se* (Count II). Plaintiff alleges Defendant K&B was negligent (Count III) and negligent *per se* (Count IV).  In Counts V, VI, and VII  respectively, Defendant alleges K&B negligently hired, retained and supervised Defendant Boutwell.  For the reasons stated below, Plaintiff's Complaint should be dismissed.

---

[1] Per Local Rule 7.1(c) Defendants combine their Motion and Brief in this single submission.

3.      In all Counts of Plaintiff's Complaint, Plaintiff alleges the Defendants owed the Plaintiff the "duty to exercise the highest degree of care" for the safety of other persons on the highway. This duty misstates Illinois law and, therefore, Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Under Illinois common law, every driver, regardless of the size of their vehicle or the qualifications on their license, owes the same duty-to exercise "ordinary care." Tipsword v. Melrose, 13 Ill.App.3d 1009 (3rd Dist. 1973).  Indeed, this longstanding principle of Illinois common law is reflected in the corresponding jury instruction, which provides, "It is the duty of every driver of a vehicle using a public highway to exercise ordinary care at all times to avoid placing himself in danger and to exercise ordinary care at all times to avoid a collision." See Illinois Pattern Jury Instruction 70.01 (emphasis added). Notably, the law does not distinguish between drivers of commercial motor vehicles and other drivers.

The fact that Defendant Boutwell was operating a tractor-trailer unit and had a commercial driver's license does not subject him, or Defendant K&B, to a higher standard of care.  But the negligence theories in every Count of Plaintiff's Complaint seek to do just that.  As a result, the Complaint should be dismissed because it attempts to impose upon Defendants a standard of care greater than that required by law.  See, e.g., Matter of Estate of Pirie, 141 Ill.App.3d 750 (2nd Dist. 1986) ("Reversible error is committed when an instruction imposes a greater duty than that actually required under the law…"); Pappas v. Peoples Gas Light & Coke Co., 350 Ill.App. 541, 589 (1st Dist. 1953) ("It is reversible error to give an instruction imposing a duty upon defendant greater than that required by law.").

Illinois law clearly provides that every driver owes the same duty to exercise ordinary care. See Illinois Pattern Jury Instruction 70.01. Illinois law does not distinguish between drivers with commercial driver's licenses and drivers with standard driver's licenses. Both drivers owe the same

duty to exercise ordinary care. But Plaintiff's negligence theory impermissibly diffferentiates between the two, which would turn Illinois law on its head.

An Illinois federal court recently considered this same issue. In Lundborg v. Weiss, 2015WL 5722585, at *3 (N.D. Ill. 2015), the Court granted the defendant's motion to bar the plaintiff from arguing that the defendant had a higher duty of care because of its involvement in the trucking industry. The court, agreeing with the defendant, determined that "testimony about a separate duty of care would only serve to confuse the jury about the legal standard applicable to this case." Id. Accordingly, Plaintiff's Complaint should be dismissed.

4.       Additionally, "a plaintiff who is injured in a motor vehicle accident cannot maintain a claim for negligent hiring, negligent retention or negligent entrustment against an employer where the employer admits responsibility for the conduct of the employee under a *respondeat superior* theory." Gant v. I.U. Transport, Inc., 770N.E.2d 115, 1159 (Ill. App.Ct. 2002; *see also* Cosgrove v. McClure, No. 13-CV-580-DRH-PMF, 2015 WL 273746, at *2 (S.D. Ill.Jan. 20, 2015); Coffey v. McClure, 13-CV-819-DRH-PMF, 2015 WL 1042083, at *1 (S.D. Ill. Mar. 6, 2015); Meyer v. A & A Logistics, Inc., No. 13-CV-0225, 2014 W.L. 3687313, at *2 (N.D. Ill. July 24, 2014).

5.       Plaintiff brought separate claims of negligence against both Boutwell and K&B (Counts I and III; Doc. 1). In Counts V, VI and VII, however, Plaintiff asserts theories of negligence against K&B related to claims of negligent, hiring, negligent retention and negligent supervision. (Doc. 1). Plaintiff alleges that Boutwell was an employee of K&B and that, at the time of the accident, Boutwell was acting within the scope of his employment when the commercial vehicle that he was operating allegedly struck Plaintiff's vehicle. See Complaint Doc.1.

6.      When considering  a Rule 12(b)(6) Motion to Dismiss, the Court accepts as true all allegations in the Complaint. <u>Erickson v. Pardus,</u> 551 U.S. 89, 94 (2007).

7.      For purposes of this motion and this action, Defendants K&B and Boutwell admit that Boutwell was an employee of K&B working as a company driver and within the course and scope of his employment at the time of the accident.

8.      Because K&B (the employer) has admitted that Boutwell (its employee) was acting within the course and scope of his employment at the time of the accident, Plaintiff's claims of negligent hiring, negligent retention and negligent supervision must be dismissed or stricken.  *See* <u>Gant,</u> 770 N.E.2d at 1159-60 (Ill. App. Ct. 2002); <u>Meyer,</u> 2014 WL687313, at *3-4; *see also* <u>Cosgrove v. McClure,</u> 2015 WL 273746, at *2; <u>Coffey,</u> 2015 WL 1042083, at *1.

9.      Federal Rule of Civil Procedure 12(f) governs whether to strike matters from a pleading. Under Rule 12(f), upon a motion or upon its own initiative, "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertintent, or scandalous matter." <u>Whittlestone, Inc. v. Handi-Craft Co.,</u> 618 F.3d 970, 973 (9th Cir. 2010). Paragraphs 43 and 48(b)[2] clearly fall within the Rule's reference to impertinent and scandalous matters and should be stricken as the allegations set forth in those paragraphs "have no possible relation or logical connection to the subject matter of controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure §1382 (3d ed.). Should the Court allow Plaintiff leave to file an Amended Complaint, the impertinent and scandalous matter should be stricken from any amendment.

---

[2] See paragraphs 43 and 48(b) wherein Plaintiff makes reference to undated citations alleging among other matters, soliciting prostitution.

## Plaintiff's Negligence *Per Se* Claims Should be Stricken

In addition to the matters set forth above, the Court should also strike from Plaintiff's Complaint Counts II and IV that attempt to state claims based upon negligence *per se*. In her Complaint, plaintiff makes vague and non-specific allegations that the Defendants were "subject to and required to abide by the rules and regulations set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations) and the Illinois Motor Carrier Safety Law, set forth in 625 ILCS 5/18b, while operating as an interstate commercial motor carrier in the State of Illinois, as well as 625 ILCS 5/11 of the Illinois Traffic Code." (Doc. 1, Complaint ¶10). However, nowhere else in the Complaint does Plaintiff refer to the Federal Motor Carrier Safety Regulations or the Illinois Motor Carrier Safety Regulation.

In Counts II and IV, Plaintiff asserts separate negligence *per se* counts against Boutwell and K&B that are premised upon purported violations of the Missouri Revised Statutes and the Illinois Vehicle Code. (Doc. 1, at p. 5, ¶22; pp. 7-8, ¶30). It should first be pointed out that Plaintiff reference to Section 304.281.1 of the Missouri Revised Statutes is misguided as that provision sets forth rules for traffic controlled by light signals, which are not involved here. Plaintiff's reference to the Illinois Traffic Code as a basis for a negligence *per se* claim is similarly misguided as described below. Purported violations of state regulations cannot support a claim for negligence per se.

As explained in Test Drilling Serv. Co. v. Hanor Co., 322 F. Supp. 2d 957 (C.D. Ill. 2003), "[n]egligence per se refers to strict liability, which imposes liability regardless of the reasonableness of a defendant's conduct." Id. at 964. Additionally, if the legislature did not clearly intend to impose strict liability on a statutory provision relied upon by the plaintiff to support its negligence *per se* claim, then the plaintiff cannot state a claim for negligence *per se* on those

statutory provisions. Id. (holding that negligence *per se* claims "are allowed for statutory violations only if the statute provides for strict liability if violated").  Here, neither Congress, the FMCSA, the Illinois legislature, nor the Missouri legislature intended to impose strict liability in civil courts for violations of these regulations and other safety standards and regulations. For that reason alone, Plaintiff's negligence *per se* claims should be dismissed.

Plaintiff, however, does not even specifically identify the particular provisions of the Illinois Motor Carrier Safety Regulations or other safety standards and regulations that she claims support a negligence *per se* claim, and therefore, she undoubtedly fails to state a claim.  *See* Cmty. Bank of Trenton v. Schnuck Markets, Inc.,  210 F. Supp. 3d 1022, 1042 (S.D. Ill. 2016) (dismissing, with prejudice, a negligence *per se* claim because, according to the court, the Plaintiffs have not met the higher burden of identifying a statute imposing strict liability, as they would be required to do to establish negligence *per se* under Illinois law").

Moreover, Federal Motor Carrier Safety regulations and other safety standards and regulations, such as Illinois Motor Carrier Safety Regulations cannot support a claim for negligence *per se* because it impermissibly attempts to impose a higher standard of care on Defendant Boutwell when Illinois law only recognizes a single standard of care for all drivers.

Every driver in Illinois owes the same duty of care to exercise due care.  *See* 625 ILCS 5/11-1003.1 ("[E]very driver of a vehicle shall exercise due care…"); Gregory v. Fed Ex Nat'l LTL, Inc., No. 14-CV-572-JPG-RJD, 2016 WL 5746265, at *6 (S.D. Ill. Oct. 4, 2016) (noting that "the common law duty" under Illinois law that was owed by the defendant, a truck driver for Fedex, to another motorist was "the duty of ordinary care"); *see also* Moore v. Swoboda, 213 Ill. App. 3d 217, 235-36 (Ill. App. Ct. 1991) (holding that the jury should have received an instruction that

both the adult truck driver and the minor dirt bike rider involved in the at-issue accident were to be held to the same standard of care under Illinois law).

Simply because Defendant Boutwell was operating a tractor-trailer unit and had a commercial driver's license, Defendant Boutwell is not subject to a heightened standard of care. Plaintiff's negligence *per se* theory, however, is an attempt to do just that, and as a result must be dismissed or stricken from the Complaint because it attempts to impose upon Defendants a standard of care that is greater than that required by law.  *See* Moore v. Swoboda, 213 Ill. App. 3d 217, 236-36 (Ill. App. Ct. 1991).

Finally, to the extent Count III, ¶26(d) (Doc.1, p. 6) refers to two provisions of the Illinois Vehicle Code and claims Defendant K&B is negligent *per se*, that paragraph should also be stricken.

WHEREFORE, Defendants Gerald Boutwell and K&B Transportation, Inc. respectfully request that this Court grant their Motion to Dismiss and their Motion to Strike, and for any other relief this Court deems just and proper under the circumstances.

HeplerBroom LLC

By:    */s/Michael Reda*
MICHAEL REDA                    #06184782
mxr@heplerbroom.com
211 North Broadway
Suite 2700
St. Louis, MO  63102
314/241-6160
314/241-6116 – Facsimile

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing was filed via the Court's eFiling System with a copy of the foregoing being served electronically this 9th day of September 2020 on:

Shaun M. Falvey
Amanda N. Murphy
8182 Maryland Ave., Ste. 801
Clayton, MO 63105
sfalvey@stlinjurylaw.com; amurphy@stlinjurylaw.com
T: 314-231-4100 / F:  314241-5078
Attorneys for Plaintiff


                                                   */s/Michael Reda*