IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAITLYN P. PRUITT,

    **Plaintiff,**

v.

K & B TRANSPORTATION, INC., and
GERALD W. BOUTWELL,

    **Defendants.**

Case No. 20-CV-750–NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Pending before the Court is a Motion to Dismiss and Motion to Strike Plaintiff Kaitlyn Pruitt's First Amended Complaint filed by Defendants K & B Transportation, Inc. ("K & B") and Gerald W. Boutwell ("Boutwell") (Doc. 32). For the reasons set forth below, the Motion to Dismiss and Motion to Strike are granted.

## BACKGROUND

    On May 2, 2019, Boutwell, a driver for K & B, was driving a tractor trailer eastbound on US Highway 50. (Doc. 31, pp. 2-3). Pruitt was also driving eastbound (*Id*. at p. 3). At or near the intersection of North Sipley Road, Pruitt put her turn signal on and began decelerating to turn (*Id*.). Boutwell attempted to pass Pruitt, but ended up sideswiping the driver's side of Pruitt's vehicle (*Id*.). Pruitt allegedly "sustain[ed] serious injuries to her neck, back, lower extremities, and head." (*Id*.)

On July 31, 2020, Pruitt commenced this action against K & B and Boutwell (Doc. 1). In all, Pruitt brings seven claims against K & B and Boutwell: negligence as to Boutwell (Count I); negligence per se as to Boutwell (Count II); negligence as to K & B (Count III); negligence per se as to K & B (Count IV); negligent hiring as to K & B (Count V); negligent retention as to K & B (Count VI); negligent supervision as to K & B (Count VII).

K & B and Boutwell timely filed a Motion to Dismiss and Motion to Strike under Federal Rules of Civil Procedure 12(b)(6) and 12(f) (Docs. 10, 32).[1]

## ANALYSIS

### I. Motion to Dismiss

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

---

[1] The Court has subject matter jurisdiction over this action on the basis of diversity of citizenship. The parties are minimally diverse, as Pruitt is a citizen of Illinois (Doc. 31). K & B is an Iowa corporation with its principal place of business in Nebraska, and Boutwell is a citizen of Missouri (*Id.*). The amount of controversy exceeds $75,000.00, exclusive of interest and costs (*Id.*).

Defendants assert that Counts I through IV should be dismissed because Pruitt alleges that Defendants "had the duty to exercise the highest degree of care for the safety of other persons upon the roadway . . ." (Doc. 1, p. 3). Pruitt concedes that the duty alleged as stated in Counts I through IV is wrong. Accordingly, Pruitt's negligence and negligence per se claims, Counts I through IV, must be dismissed.

### A. Negligence Per Se (Counts II & IV)

K & B's motion also points out that "Counts II and IV [ ] attempt to state claims based upon negligence *per se*" (Doc. 32, p. 5). Pruitt's response concedes that the "phrase 'negligence *per se*' may be inaccurate in the sense of implying strict liability. . ." (Doc. 34, p. 4). Pruitt argues, however, that the claims made in Counts II and IV, taken as true, allege conduct which constitutes prima facie evidence of negligence and "should not be dismissed simply for using less-than-ideal terminology" (*Id.* at p. 4).

In a diversity case, the Court applies state law to substantive issues. *RLI Ins. Co. v. Conseco, Inc.*, 543 F.3d 384, 390 (7th Cir. 2008). When neither party raises a conflict of law issue in a diversity case, the applicable law is that of the state in which the federal court sits. *See Koransky, Bouwer & Poracky, P.C. v. Bar Plan Mut. Ins. Co.*, 712 F.3d 336, 341 (7th Cir. 2013). Here, the parties have not raised a conflict of law issue and have instead briefed the issues on the merits under Illinois law. The Court, as a result, will apply the law of Illinois.

Under Illinois law, "[i]n a common law negligence action, a violation of a statute or ordinance designed to protect human life or property is prima facie evidence of negligence; the violation does not constitute negligence *per se*." *Abbasi ex rel. Abbasi v. Paraskevoulakos*, 718 N.E.2d 181, 185 (Ill. 1999). A violation of an Illinois motor vehicle statue does not constitute negligence *per se*. *See Grass v. Hill,* 418 N.E.2d 1133, 1137 (Ill. App. Ct. 1981) (acknowledging

that "the violation of a motor vehicle statute cannot be considered negligence *per se* but only prima facie evidence of negligence, the negligence of the defendant is actionable if it is shown that such statutory violation was a proximate cause of the plaintiff's injuries"); *Leonard v. Pacific Intermountain Exp. Co.*, 347 N.E.2d 359, 363–64 (Ill. App. Ct. 1976) (noting that the "violation of the 300 foot distance statute cannot be considered negligence *per se*, but only Prima facie evidence of negligence"); *Leaks v. City of Chicago,* 606 N.E.2d 156, 160 (Ill. App. Ct. 1992) (finding that the "[v]iolation of a statute or ordinance designed for the protection of human life or property is prima facie evidence of negligence, but does not constitute negligence *per se* because the evidence of negligence may be rebutted by proof that the party acted reasonably under the circumstances, despite the violation").

In *Daly v. Bant*, 258 N.E.2d 382, 385 (Ill. App. Ct. 1970), the court found that the alleged violation of a speeding statute and a distance statute did not constitute negligence per se because "the violation of a statute must be considered with all the other facts and circumstances in determining whether the defendants were negligent before and at the time of the occurrence in question." The court noted that "[t]he mere failure to perform a statutory duty does not necessarily constitute negligence; a party may be negligent if the circumstances under which he, she, or it fails to observe the statute indicate a neglect of duty; but the mere failure, alone, to comply with the statute, may not be negligence." *Id*.

Here, Pruitt brings two negligence per se counts—Counts II and IV (Doc. 31). A violation of these statutes as alleged here only establishes prima facie evidence of negligence, and as such Counts II and IV must be dismissed.

**B. Negligent Hiring (Count V), Negligent Retention (Count VI), and Negligent Supervision (Count VII)**

K & B's motion quotes *Gant v. L.U. Transp., Inc.*, 770 N.E.2d 1155 (Ill. App. Ct. 2002) for the notion that "a plaintiff who is injured in a motor vehicle accident cannot maintain a claim for negligent hiring, negligent retention or *negligent entrustment* against an employer where the employer admits responsibility for the conduct of the employee under a *respondeat superior* theory" (Doc. 32, p. 3) (emphasis added). K & B then admits that "Boutwell was an employee of K&B working as a company driver and within the course and scope of his employment at the time of the accident" (*Id.* at p. 4). "Because K&B (the employer) has admitted that Boutwell (its employee) was acting within the course and scope of his employment at the time of the accident, Pruitt's claims of negligent hiring, negligent retention and negligent supervision must be dismissed or stricken" (*Id.*).

Pruitt responds by distinguishing *Gant*. (Doc. 34, p. 4). Pruitt points out that unlike *Gant*, where the defendant admitted the allegations in an answer, "Defendants have not actually admitted in a pleading or in sworn discovery that K&B is liable as Boutwell's employer, this case is distinguishable from the cases Defendants rely upon in their motion" (*Id.* at p. 5). Pruitt then concedes in her response that if K&B intended this statement "as a binding commitment that Defendants' Answer will admit the entirety of Count III of Plaintiff's Complaint, then Counts V, VI, VII are indeed obviated" (*Id.*).

Pruitt's argument is unpersuasive because a concession in a motion to dismiss is a judicial admission. *See Chow v. Aegis Mortg. Corp.*, 185 F. Supp. 2d 914, 916 (N.D. Ill. 2002) (acknowledging that a concession in a motion to dismiss constituted a judicial admission). "Judicial admissions [ ] are not limited to statements made in the particular motion or

application pending. Any 'deliberate, clear and unequivocal' statement, either written or oral, made in the course of judicial proceedings qualifies as a judicial admission." *Pierce v. City of Chicago*, 2012 WL 401026, at *3 (N.D. Ill. Feb. 7, 2012) (quoting *In re Lefkas Gen. Partners*, 153 B.R. 804, 807 (N.D. Ill. 1993) (citations omitted)). Thus, K & B's concession that "[f]or the purposes of this motion and this action, Defendants K&B and Boutwell admit that Boutwell was an employee of K&B working as a company driver and within the course and scope of his employment at the time of the accident," (Doc. 32, p. 4) is a judicial admission, and has the effect of withdrawing the fact from contention. *See Keller v. United States*, 58 F.3d 1194, 1199 (7th Cir. 1995) ("[i]ndeed, they are not evidence at all but rather have the effect of withdrawing a fact from contention") (citations and quotations omitted).

At the same time, district courts must be careful to not go beyond Illinois law. Both parties fail to address the fact that *Gant* is distinguishable because the court only addressed hiring and retention. Fortunately, district courts in the Seventh Circuit "have consistently extended *Gant's* holding to claims asserting negligent training and supervision as well." *Gilliam-Nault v. Midvest Transp. Corp.*, 2019 WL 2208287, at *2 (N.D. Ill. May 22, 2019); *see e.g.*, *Meyer v. A & A Logistics, Inc.*, 2014 WL 3687313, at *3 (N.D. Ill. July 24, 2014) (holding that *Gant* extends to negligent training and supervision claims); *Johnson v. First Student, Inc.*, 2018 WL 5013918, at *1 (N.D. Ill. Oct. 16, 2018) (finding that "under Illinois law, claims of failure to train and supervise an employee must be dismissed as duplicative and unnecessary once the employer admits that any negligence on the part of its employee can be imputed to the employer under a *respondeat superior* theory"). The Court finds no reason to depart from other district courts. Accordingly, Pruitt's claims of negligent hiring (Count V), negligent retention (Count VI), and negligent supervision (Count VII) must be dismissed without prejudice.

## II. Motion to Strike Paragraphs 43 and 48(b)

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendants argue that paragraphs 43 and 48(b) "clearly fall within [Rule 12(f)'s] reference to impertinent and scandalous matters and should be stricken as the allegation set forth in those paragraphs 'have no possible relation or logical connection to the subject matter of controversy and may cause some form of significant prejudice to one or more of the parties to the action'" (Doc. 32, p. 4) (quoting 5C Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure §1382 (3d ed.)).

Pruitt counters that "Defendants fail to meet their burden of demonstrating *how* paragraphs 43 and 48(b) of Plaintiff's Complaint are so impertinent and scandalous as to overcome the general 'disfavor' courts have towards striking matters from pleadings under Federal Rule of Civil Procedure 12(f)" (Doc. 34, p. 7). Pruitt further argues that the "specificity of paragraph 48(b)" is necessary to avoid "conclusory allegations that merely recite the elements of a claim." (*Id.*).

Pruitt's argument is a loser as K & B admitted responsibility for its employee via *respondeat superior*. Thus, Pruitt cannot maintain a direct claim against K & B for negligent retention or negligent supervision. Indeed, in *Boeschen v. Transp.*, 2016 WL 4617364, at *3 (S.D. Ill. Sept. 6, 2016), the employer admitted that its employee was acting within the course and scope of his employment at the time of the accident. As a result, the court held that "Plaintiff's claims of negligent entrustment, negligent failure to train, negligent retention, and negligent hiring run are duplicative and unnecessary under *Gant*." *Id.* at 3. This case is no different.

Pruitt's allegations in paragraphs 43 and 48(b) are duplicative and unnecessary under *Gant*. Accordingly, paragraphs 43 and 48(b) are stricken.

## CONCLUSION

For these reasons, the Motion to Dismiss and Motion to Strike filed by Defendants K & B Transportation, Inc. and Gerald W. Boutwell (Doc. 32) are **GRANTED**. Counts II and IV are **DISMISSED with prejudice** for failure to state a claim. Counts V, IV, and VII are **DISMISSED without prejudice**, and Pruitt may timely reassert these allegations, if K & B retracts the admission upon which this ruling is grounded.

The Motion to Dismiss is **GRANTED** as to Counts I and III, which are **DISMISSED without prejudice.** Pruitt has until **August 20, 2021**, to file a Second Amended Complaint consistent with Rule 11. Pruitt's Motion for Leave to File Second Amended Complaint (Doc. 35) is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED:  August 6, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**