IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| KAITLYN P. PRUIT, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| Vs. ) | Cause No.: 20-cv-750-NJR |
| ) | |
| K&B TRANSPORTATION, INC. ) | JURY TRIAL DEMANDED |
| And GERALD W. BOUTWELL, ) | |
| ) | |
|    Defendants. ) | |

**DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS AND RULE 12 MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT AND SUPPORTING BRIEF**

COME NOW Defendants K&B Transportation, Inc. (hereinafter K&B) and Gerald Boutwell (Boutwell), through counsel, and for their Rule 12(b)(6) Motion to Dismiss and Rule 12 Motion to Strike Plaintiff's Second Amended Complaint, state as follows:

1. Plaintiff filed her First Amended Complaint on June 29, 2021. (Doc. 31, First Amended Complaint.) In response, Defendants timely filed a Rule 12(b)(6) Motion to Dismiss and Rule 12(f) Motion to Strike. (Doc. 32, Defendants' Motion to Dismiss and Motion to Strike.) Among other matters, Defendants argued that Counts V (Negligent Hiring), VI (Negligent Retention), and VII (Negligent Supervision) should be dismissed because, under Illinois law, a plaintiff may not maintain a claim for negligent hiring, negligent retention, or negligent entrustment against an employer where, as here, the employer admits responsibility for the employee's conduct under a *respondeat superior* theory. Defendants also moved to dismiss Counts II and IV, which asserted negligence *per se* claims against Defendants, because the cited state traffic laws did not support a negligence *per se* action. Finally, Defendants moved to strike the scandelous matters Plaintiff alleged in paragraphs 43 and 48(b) of her First Amended Complaint.

2.	The Court issued its Memorandum and Order on August 6, 2021. (Doc. 37, Memorandum and Order.) The Court granted Defendants' Motion to Dismiss the negligent hiring, negligent retention, and negligent entrustment claims against Defendant K&B because K&B admitted *respondeat superior* responsibility. The Court stated that Plaintiff could reassert these allegations only "if K&B retracts that admission upon which this ruling is grounded."[1] The Court also dismissed the negligence *per se* counts because the Court agreed that the cited traffic laws did not support a claim for negligence *per se*. Finally, the Court struck paragraphs 43 and 48(b) of Plaintiff's First Amended Complaint as duplicative and unnecessary.

3.	The Court allowed Plaintiff until August 20, 2021, to file a Second Amended Complaint consistent with Rule 11, which provides, in pertinent part, that a party must not present a pleading to the court for the purpose of causing unncessary delay or needlessly increasing the cost of the litigation. It also provides that the "factual contentions [in a pleading] must have evidentiary support…" *See* FRCP 11(b)(1)-(3).

4.	Plaintiff's Second Amended Complaint is wholly inconsistent with this Court's order and is, in fact, a blatant attempt to circumvent the order. It reasserts the exact same claims (negligent hiring, retention, and supervision) that this Court dismissed; it continues to cite the same traffic laws this Court determined did not support a cause of action; and, inexplicably, it repeats the exact same paragraphs that this Court struck from Plaintiff's First Amended Complaint. The

---

[1] Defendant K&B has not and does not retract its admission that it is responsible for the conduct of Defendant Gerald Boutwell under *respondeat superior*. Upon further investigation, however, Defendant K&B now clarifies that Defendant Boutwell was a borrowed employee of K&B Transportation, rather than direct employee. Defendants K&B and Boutwell admit that Boutwell was acting within the course and scope of K&B's operating authority and control at the time of the accident, and because Boutwell was a borrowed employee of K&B, Defendant K&B continues to acknowledge and admit it is responsible for Boutwell's conduct under *respondeat superior*. *See Kawaguchi v. Gainer*, 361 Ill.App.3d 229, 238, 835 N.E.2d 435, 442 (2007) ("[A]n employee in the general employment of one employer may be loaned to another for the performance of work and, while performing that work, becomes the employee of the employer to whom he or she has been loaned .... [A]n employer who borrows an employee assumes liability in *respondeat superior* for the actions of that employee."). Defendant K&B serves contemporaneously herewith its Amended Answers to Interrogatories clarifying that Gerald Boutwell is its borrowed employee.

pleading for punitive damages – without any actual allegations of willful and wanton conduct – is a transparent attempt to circumvent this Court's order dismissing the negligent hiring, retention and supervision count. Because Plaintiff's Second Amended Complaint directly flouts this Court's Order in numerous respects, the Court should should strike Plaintiff's Second Amended Complaint in its entirety pursuant to Rule 12(f).

### The Court Should Strike and/or Dismiss Counts III, IV, and V

5. Counts III (negligent hiring), IV (negligent retention), and V (negligent supervision) should be dismissed – *again* – because Illinois law does not allow a plaintiff to maintain claims for neligent hiring, retention, or supervision when, as here, the principal admits *respondeat superior* responsibility. This is precisely the same reason the Court dismissed these claims from Plaintiff's First Amended Complaint. The Court should also strike these three counts as redundant, immaterial, impertinent, and scandelous under Rule 12(f). They are redundant and immaterial because, as this Court already ruled, such claims are duplicative and unncessary once *respondeat superior* is admitted. These three counts are also impertinent and scandelous because they directly violate this Court's August 6 Order, which does not allow Plaintiff to reassert these claims unless K&B retracts its admission of *respondeat superior* responsibility, which it has not done. Moreover, Plaintiff did not seek leave of court before re-filing these dismissed claims.

6. Instead, Plaintiff reasserts the three dismissed claims without proper leave and argues that such claims are now appropriate because Plaintiff now seeks punitive damages. (*See* FN 1 of Plaintiff's Second Amended Complaint.) Nevertheless, Counts III, IV, and V should still be dismissed and/or stricken for two reasons: first, they should be stricken because they directly violate this Court's August 6 Order and were filed without leave of court; second, they should be dismissed because Plaintiff does not plead facts supporting a claim for willful and wanton conduct.

7. Under well-established Illinois law, "[w]hen the plaintiff is alleging that the defendant engaged in willful and wanton conduct, such conduct must be shown through well-plead facts, and not merely by labelling the conduct 'willful and wanton.'" *Spinka v. Drake*, 2016 WL 1258460 (S.D. Ill. 2016) (citing *Winfrey v. Chicago Park District*, 274 Ill.App. 3d 939, 943 (Ill.App.Ct. 1994). Willful and wanton conduct is not synonymous with negligence; it is distinguished from negligence in that willful and wanton conduct is either intentional or done with a conscious disregard for the safety of others. *Jane Doe-3 v. McLean County Unit Dist. No. 5 Bd. of Directors*, 2012 IL 112479, 973 N.E.2d 880 (Ill. 2012).

8. Plaintiff's "willful and wanton" allegations in her Second Amended Complaint are merely conclusory labels attached to alleged acts of neglience. The best evidence for this is Plaintiff's First Amended Complaint, which alleges the exact same acts of negligence – verbatim – that Plaintiff now labels "neligent, grossly negligent, and/or [] willful and wanton…". *Compare* Plaintiff's First Amended Complaint, Counts V, V, and VI, *with* Plaintiff's Second Amended Complaint, Counts III, IV, and V. Plaintiff's label of these allegations as "negligent … and/or willful and wanton" is further evidence that these are not allegations of willful and wanton conduct because, as the *Jane Doe-3* Court recognized, "willful and wanton conduct is not synonymous with negligence…" *See id.*

9. Even more importantly, the only acts the Plaintiff now alleges are "careless, negligent, grossly negligent, and/or exhibit a willful and wanton disregard…" are the scandelous and impertinent allegations this Court rightly struck from Plaintiff's First Amended Complaint. Aside from the allegations this Court struck from Plaintiff's Amended Complaint, there are no well-plead facts whatsoever in support of Plaintiff's "willful and wanton" allegations in Counts III, IV, and VI.

10. Defendants acknowledge that the Federal Rules concerning pleading punitive damages applies to this matter. But the Illinois Rules are instructive on this point. Under 735 ILCS 5/2-604.1, a plaintiff may not plead punitive damages in her initial Complaint; she must instead later seek leave to amend the complaint and at that time must specify the alleged willful and wanton conduct she believes supports that claim. This Rule prevents plaintiffs from making baseless claims for punitive damages at the outset of the case by simply labeling the alleged "negligent" conduct as "willful and wanton."

11. For the reasons stated above, Court should dismiss Counts III, IV, and V, again, for failure to state a claim, and strike the same counts for violating this Court's August 6 order.

### The Court Should Once Again Strike Paragraphs 27, 34, and 41(b).

12. Rule 12(f) authorizes the Court to strike any immaterial, impertinent, or scandelous matters from a plaintiff's complaint. The matters Plaintiff alleges in paragraphs 27, 34, an 41(b) of Plaintiff's Second Amended Complaint are wholly irrevelvant to this matter and are clearly designed to humuliate and embarrass Gerald Boutwell, who was simply trying to make a living by driving a truck at the time of the accident. Those allegations have no place in a federal court pleading in a truck accident case. That is precisely why Defendants filed a Motion to Strike these allegations from Plaintiff's First Amended Complaint. The Court agreed and struck the allegations.

13. Inexplicably, Plaintiff reasserts these exact same scandelous allegations in her Second Amended Complaint. (See Second Amended Complaint, ¶¶ 27, 34, and 41(b).) These allegations are no more appropriate in this complaint than they were in the former. And in fact they are even more inflammatory, because they not only seek to humuliate Boutwell, but now they do so in direct defiance of this Court's Order. The Court should once again strike these allegations.

### The Court Should Strike The References to Illinois Traffic Laws in Paragraphs 18(e)-(j) and 22(e)-(j).

14. In its August 6 Order, the Court dismissed Plaintiff's negligence *per se* claims because the Illinois traffic laws Plaintiff cited did not support a negligence *per se* claim. In her Second Amended Complaint, Plaintiff attempts to circumvent this Order by citing numerous Illinois traffic laws in her ordinary negligence counts. (Second Amended Complaint, ¶¶ 18(e)-(j) and 22(e)-(j)).

15. As the Court noted in its August 6 order, under Illinois law, "[t]he mere failure to perform a statutory duty does not necessarily constitute negligence; a party may be negligent if the circumstances under which he, she, or it fails to observe the statute indicate a neglect of duty; but the mere failure, along, to comply with the statute, may not be negligence." (Doc. 37, p. 4; citing *Daly v. Bant*, 258 N.E.2d 382, 385 (Ill. App. Ct. 1970)).

16. As previously discussed, Rule 12(f) authorizes the Court to strike redundant, immaterial, and impertinent matters from a plaintiff's Complaint. The allegations that Gerald Boutwell violated certain traffic laws are redundant, immaterial, and impertinent under *Daly*. They are an attempt to impose on Boutwell, and his principal K&B, a higher duty of care than that imposed under Illinois law. Those paragraphs must therefore be stricken.

WHEREFORE, Defendants Gerald Boutwell and K&B Transportation, Inc. respectfully request that this Court grant their Motion to Dismiss and their Motion to Strike Plaintiff's Second Amended Complaint, award their costs and fees in bringing this Motion, and for any other relief this Court deems just and proper under the circumstances.

HEPLERBROOM LLC

By:    */s/ Adam McGonigle*
MICHAEL REDA    #06184782
mxr@heplerbroom.com
ADAM MCGONIGLE    #06315569
asm@heplerbroom.com
130 N. Main Street
Edwardsville, IL 63130
314/241-6160
314/241-6116 – Facsimile

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing was filed via the Court's eFiling System with a copy of the foregoing being served electronically this 7th day of September, 2021 on:

Shaun M. Falvey
Amanda N. Murphy
8182 Maryland Ave., Ste. 801
Clayton, MO 63105
sfalvey@stlinjurylaw.com; amurphy@stlinjurylaw.com
T: 314-231-4100 / F: 314241-5078
Attorneys for Plaintiff

   */s/ Adam McGonigle*
