IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAITLYN P. PRUITT,<br><br>    Plaintiff,<br><br>v.<br><br>K & B TRANSPORTATION, INC., and<br>GERALD W. BOUTWELL,<br><br>    Defendants. | Case No. 20-CV-750–NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Motion to Dismiss and Motion to Strike Plaintiff Kaitlyn Pruitt's Second Amended Complaint filed by Defendants K & B Transportation, Inc. ("K & B") and Gerald W. Boutwell ("Boutwell"). (Doc. 40). For the reasons set forth below, the Motion to Dismiss is denied, and the Motion to Strike is granted in part and denied in part.

### BACKGROUND

On May 2, 2019, Boutwell, a driver for K & B, was driving a tractor trailer eastbound on US Highway 50. (Doc. 31, pp. 2-3). Pruitt was also driving eastbound. (*Id*. at p. 3). At or near the intersection of North Sipley Road, Pruitt put her turn signal on and began decelerating to turn. (*Id*.). Boutwell attempted to pass Pruitt, but ended up sideswiping the driver's side of Pruitt's vehicle. (*Id*.). Pruitt allegedly "sustain[ed] serious injuries to her neck, back, lower extremities, and head." (*Id*.)

On July 31, 2020, Pruitt commenced this action against K & B and Boutwell. (Doc. 1). On July 13, 2021, Defendants filed a Motion to Dismiss and Strike Pruitt's First Amended Complaint. (Doc. 32). Pruitt both responded to Defendants' motions and filed a Motion for Leave to File her Second Amended Complaint. Three days later, the Court granted Defendants' motions and

denied Pruitt's Motion for Leave to File Second Amended Complaint as moot. (Doc. 37). The order noted that Pruitt's negligent hiring, negligent retention, and negligent supervision counts were "dismissed without prejudice, and Pruitt may timely reassert these allegations, if K & B retracts the admission upon which this ruling is grounded." (*Id*. at p. 8).

K & B never retracted their admission for responsibility for the conduct of Boutwell under a *respondeat superior* theory. Yet, in late August 2021, Pruitt's Second Amended Complaint *again* alleged negligent hiring as to K & B (Count III), negligent retention as to K & B (Count IV), and negligent supervision as to K & B (Count V) – the same claims that the Court previously dismissed based on K & B's admission for responsibility.

K & B and Boutwell timely filed a Motion to Dismiss and Motion to Strike under Federal Rules of Civil Procedure 12(b)(6) and 12(f).[1] Defendants argue that the Court should:

1) strike and/or dismiss Counts III, IV, and V;

2) strike paragraphs 27, 34, and 41(b); and

3) strike the references to Illinois Traffic Laws in paragraphs 18(e)-(j) and 22(e)-(j).

## ANALYSIS

### I. Motion to Dismiss

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not plead detailed factual

---

[1] The Court has subject matter jurisdiction over this action on the basis of diversity of citizenship. The parties are minimally diverse, as Pruitt is a citizen of Illinois. (Doc. 31). K & B is an Iowa corporation with its principal place of business in Nebraska, and Boutwell is a citizen of Missouri. (*Id*.). The amount of controversy exceeds $75,000.00, exclusive of interest and costs. (*Id*.).

allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

### A. Negligent Hiring (Count III), Negligent Retention (Count IV), and Negligent Supervision (Count V)

Defendants assert that Counts III, IV, and V should be stricken or dismissed because "Illinois law does not allow a plaintiff to maintain claims for negligent hiring, retention, or supervision when, as here, the principal admits *respondeat superior* responsibility." (Doc. 40, p. 3). Defendants continue noting that these counts "should still be dismissed and/or stricken for two reasons: first, they should be stricken because they directly violate this Court's August 6 Order and were filed without leave of court;[2] second, they should be dismissed because Plaintiff does not plead facts supporting a claim for willful and wanton conduct." (*Id.*).

Defendants fail to address, however, whether Pruitt is able to bring these claims under the *Lockett* exception. Under the exception, negligence claims against an employer are not duplicative where the claims are "supplemented by allegations of willful and wanton conduct and a demand for punitive damages." *Est. of Love v. Rassmussen*, 2018 WL 10613262, at *3 (C.D. Ill. July 18, 2018) (citing *Lockett v. BiState Transit Authority*, 445 N.E.2d 310, 314 (Ill. 1983) ("the necessity of proof of the defendant-principal's misconduct in connection with willful-and-wanton entrustment actions is not eliminated simply because that party acknowledges an agency relationship with the tortfeasor")); *see also Neuhengen v. Glob. Experience Specialists, Inc.*, 109 N.E.3d 832, 852 (Ill. App. Ct. 2018) ("there is no sound reason for such a rule where a plaintiff has pled a

---

[2] Pruitt did seek leave to amend on August 3, 2021. (Doc. 35). The Court denied it as moot because the Court already allowed Pruitt to amend by August 20, 2021. (Doc. 37).

viable claim for punitive damages based on allegations of willful and wanton conduct against an employer for its independent actions in hiring and retaining an employee or entrusting a vehicle to an unfit employee").

"In order to recover damages based on willful and wanton conduct, a plaintiff must plead and prove the basic elements of a negligence claim—that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was a proximate cause of the plaintiff's injury." *Jane Doe-3 v. McLean Cty. Unit Dist. No. 5 Bd. of Directors*, 973 N.E.2d 880, 887 (Ill. 2012) (citing *Krywin v. Chicago Transit Auth.*, 938 N.E.2d 440, 446 (Ill. 2010)). "In addition, a plaintiff must allege either a deliberate intention to harm or a conscious disregard for the plaintiff's welfare." *Id.* (citing *Doe ex rel. Ortega-Piron v. Chicago Bd. of Educ.*, 820 N.E.2d 418, 423 (Ill. 2004)). Conscious disregard includes the "failure to take reasonable precautions after 'knowledge of impending danger.'" *Barr v. Cunningham*, 89 N.E.3d 315, 319 (Ill. 2017) (quoting *Lynch v. Bd. of Ed. of Collinsville Cmty. Unit Dist. No. 10*, 412 N.E.2d 447, 457 (Ill. 1980)); *see also Burke v. 12 Rothschild's Liquor Mart, Inc.*, 593 N.E.2d 522, 531 (Ill. 1992) (noting that willful and wanton conduct "requires a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man").

Courts have granted motions to dismiss when plaintiffs fail to distinguish between "conduct which constitutes negligence and that which constitutes willful and wanton conduct." *Hewitt v. Schneider Nat. Carriers, Inc.*, 2010 WL 415385, at *2 (S.D. Ill. Feb. 1, 2010); *see also Lewis v. Hirschbach Motor Lines, Inc.*, 2022 WL 672460, at *4 (S.D. Ill. Mar. 7, 2022) (dismissing plaintiffs' negligent hiring, negligent retention, or negligent entrustment claims because plaintiffs failed to adequately allege willful or wanton conduct when they merely stated that "Defendants conduct,

acts/or omissions show an utter indifference and/or wanton or conscious disregard for the Plaintiff's safety and the safety of others").

On the other hand, courts have denied motions to dismiss when the allegations of willful and wonton conduct, "if proven, may subject the employer to greater liability than the negligence of its employee." *Roberts v. Alexandria Transportation, Inc.*, 2015 WL 13891967, at *2 (S.D. Ill. Mar. 17, 2015); *Conway v. Adrian Carriers, LLC*, 2016 WL 4077103, at *2 (S.D. Ill. July 29, 2016); *Cf. Neuhengen*, 109 N.E.3d at 861 (analyzing *Richards v. Checker Taxi Co.*, 522 N.E.2d 650 (Ill. App. Ct. 1988), *Ledesma by Ledesma v. Cannonball, Inc.*, 538 N.E.2d 655 (Ill. App. Ct. 1989), and *Baumrucker v. Express Cab Dispatch, Inc.*, 84 N.E.3d 482 (Ill. App. Ct. 2017) and noting "all three of these cases allowed the willful and wanton count to be considered on its merits following the trial court's dismissal of the underlying negligence counts after an admission of *respondeat superior* liability").

Here, Pruitt pleads the following in her negligent hiring claim:

27. Defendant K & B breached its duty to exercise ordinary care in the process of investigating, screening and hiring Defendant Boutwell to be an employee of the company insofar as Boutwell was unqualified to operate a commercial motor vehicle at the time of hiring based upon his driving history, inexperience, lack of skill, lack of training and lack of knowledge, given that Defendant Boutwell's history includes: three (3) citations for driving while license suspended, revoked, canceled, or disqualified; one (1) citation for larceny/theft; two (2) citations for solicitation prostitution; one (1) citation for soliciting another to commit prostitution; one (1) citation for failure to provide proof of insurance; one (1) citation for expired license plate tags; one (1) citation for fraudulent activities; and one (1) citation for failure to yield oncoming traffic when making left turn.

28. In light of the above, Defendant K & B knew or through the exercise of ordinary care should have known that Defendant Boutwell was unqualified to safely operate a commercial motor vehicle.

29. That because of Defendant Boutwell's inadequacies as alleged herein, Defendant K & B was careless, negligent, grossly negligent and/or exhibited a willful and wanton disregard for the safety of others when it hired Boutwell to operate a commercial motor vehicle.

(Doc. 39, p. 8). This is enough to plead willful and wanton conduct as Pruitt pleads that "Defendant K & B had knew . . . that Defendant Boutwell was unqualified to safely operate a commercial motor vehicle." (*Id.*).

Similarly, Pruitt's negligent retention claim contains enough allegations to plead willful and wanton conduct as she pleads facts that if proven, subject K & B to greater liability than the negligence of Boutwell, including the following:

> 35. . . . Defendant's decision to retain Boutwell as an employee of the company insofar as it knew or should have known Defendant Boutwell was unqualified to safely operate a company vehicle and yet continued to retain him as an employee despite Defendant Boutwell's history during his employment with K & B which includes, but is not limited to, the following:
>
> a. on March 26, 2017, Boutwell committed a fuel stop violation;
>
> b. on June 2, 2017, Boutwell's vehicle was found to be more than 5,000 pounds overweight during an inspection at a weigh station, resulting in a $325 fine;
>
> c. on July 26, 2017, Boutwell was fined $455 for his vehicle being overweight;
>
> d. on November 22, 2017, Boutwell violated the "14-hour rule";
>
> e. on January 16, 2018, Boutwell struck a concrete block with his tractor-trailer;
>
> f. on April 3, 2018, Boutwell violated the "14-hour rule";
>
> g. on June 16, 2018, Boutwell was cited for an "IRP Apportioned Tag or Registration Violation" and for inadequate tire tread depth on a left inside and left outside tire;
>
> h. on July 11, 2018, Boutwell committed a fuel stop violation; and
>
> i. on September 10, 2018, Boutwell was cited for failure to certify his driving logs.

(*Id.* at p. 10).

Finally, Pruitt's negligent supervision claim contains enough allegations to plead willful and wanton conduct because she pleads facts that if proven, subject K & B to greater liability than the negligence of Boutwell, including the following:

> Defendant K & B failed to properly supervise, investigate and/or and discipline Defendant Boutwell for the commercial driving offenses Boutwell committed while he was an employee of Defendant K&B, including, but is not limited to, that: on March 26, 2017, Boutwell committed a fuel stop violation; on June 2, 2017, Boutwell's vehicle was found to be more than 5,000 pounds overweight during an inspection at a weigh station, resulting in a $325 fine; on July 26, 2017, Boutwell was fined $455 for his vehicle being overweight; on November 22, 2017, Boutwell violated the "14-hour rule"; on January 16, 2018, Boutwell struck a concrete block with his tractor-trailer; on April 3, 2018, Boutwell violated the "14-hour rule"; on June 16, 2018, Boutwell was cited for an "IRP Apportioned Tag or Registration Violation" and for inadequate tire tread depth on a left inside and left outside tire; on July 11, 2018, Boutwell committed a fuel stop violation; and, on September 10, 2018, Boutwell was cited for failure to certify his driving logs.

(*Id*. at p. 12).

Defendants also note that "[u]nder 735 ILCS 5/2-604.1, a plaintiff may not plead punitive damages in her initial Complaint; she must instead later seek leave to amend the complaint and at that time must specify the alleged willful and wanton conduct she believe supports that claim." (Doc. 40, p. 5). According to Defendants, "[t]his Rule prevents plaintiffs from making baseless claims for punitive damages at the outset of the case by simply labeling the alleged 'negligent' conduct as 'willful and wanton.'" (*Id.*).

The problem is "[f]ederal courts in Illinois consistently have held that this rule is procedural, however, and thus should not be applied by a federal court sitting in diversity." *Gonzalez v. Pioneer Indus. Sys., LLC*, 2018 WL 1124419, at *1 (N.D. Ill. Mar. 1, 2018) (citing *Stephens v. Navient Sols. Inc.*, 2016 WL 6804560, at *6 (N.D. Ill. Nov. 16, 2016); *Wendorf v. Landers*, 755 F. Supp. 2d 972, 981 (N.D. Ill. 2010); *Betts v. E. St. Louis Hous. Auth.*, 2007 WL 2088813, at *2 (S.D. Ill. July 19, 2007); *Serfecz v. Jewel Food Stores, Inc.*, 1997 WL 543116, at *7 (N.D. Ill. Sept. 2, 1997); *Dewick v. Maytag Corp.*, 296 F. Supp. 2d 905, 906 (N.D. Ill. 2003)).

Accordingly, Defendants' Motion to Dismiss or Strike is denied as to Counts III, IV, and V.

## II. Motion to Strike Paragraphs 27, 34, 41(b)

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendants argue that paragraphs 27, 34, and 41(b) fall within Rule 12(f)'s reference to impertinent and scandalous matters, and should be stricken.

The Court agrees that a section of these paragraphs should be stricken. Specifically, the details regarding "one (1) citation for larceny/theft; two (2) citations for solicitation prostitution; one (1) citation for soliciting another to commit prostitution . . . one (1) citation for fraudulent activities." (Doc. 39). The Court fails to see how these details are material in this negligence action.

As to the remaining section of these paragraphs, the Court disagrees. In *Durk v. Daum Trucking, Inc.*, 2008 WL 4671721, at *5 (N.D. Ill. Oct. 22, 2008), the defendant moved to strike or dismiss paragraphs which listed his "driving record, for being irrelevant and prejudicial." The court denied defendant's motion noting that "[c]ontrary to his arguments, his driving record provides relevant factual information to support plaintiffs' claims that [the] [employer] engaged in willful and wanton negligent hiring and negligent entrustment." *Id*. The court noted "[t]he facts may be prejudicial, but the prejudice is not outweighed by the relevance; therefore, the facts listed in paragraph 5 of Count 1 are properly included in the complaint." *Id*. (citing *Lockett*, 445 N.E.2d 310).

Like the paragraphs in *Durk*, which listed defendant's driving record, here the remaining section of these paragraphs appear to list Boutwell's driving record, including:

> three (3) citations for driving while license suspended, revoked, canceled, or disqualified; . . . one (1) citation for failure to provide proof of insurance; one (1) citation for expired license plate tags; . . . and one (1) citation for failure to yield oncoming traffic when making left turn.

(Doc. 39). Similar to *Durk*, where the employee's driving record provided relevant information to support claims that the employer engaged in willful and wanton conduct, Boutwell's driving record provides relevant facts to support Pruitt's claims that K & B engaged in willful and wanton conduct. Accordingly, Defendants' Motion to Strike as to paragraphs 27, 34, and 41(b) is granted in part and denied in part.

**III.     Motion to Strike The References to Illinois Traffic Laws in Paragraphs 18(e)-(j) and 22(e)-(j)**

Boutwell and K & B argue that "[t]he allegations that Gerald Boutwell violated certain traffic laws are redundant, immaterial, and impertinent under Daly." (Doc. 40, p. 6). Defendants also contend that "[t]hey are an attempt to impose on Boutwell, and his principal K&B, a higher duty of care than that imposed under Illinois law." (*Id.*).

The Court disagrees. Defendants' counsel has tried similar arguments in other cases, and failed. For instance, in *Miller v. PAM Transp. Inc.*, 2019 WL 4962954, at *3 (S.D. Ill. Oct. 8, 2019), the court noted the following:

> The defendants are correct that under Illinois law, every driver on Illinois roads owes other drivers a duty of ordinary care to avoid placing himself or others in danger and to avoid a collision. *Tipsword v. Melrose*, 301 N.E.2d 614, 618 (Ill. App. Ct. 1973) (citing Illinois Pattern Jury Instruction 70.01). However, that duty is supplemented by statutory duties in the Illinois Vehicle Code, 625 ILCS 5/1-100 *et seq*. *See, e.g., id*. at 616-17 (citing Illinois Pattern Jury Instruction 70.02). Count I is based on just such alleged breaches of the duty of ordinary care and supplemental statutory duties. In that count, the plaintiffs assert that Dotson negligently operated the tractor-trailer he was driving and then list thirteen ways in which he failed to exercise that duty of ordinary care or a statutory duty imposed by the Illinois Vehicle Code. *This is not a novel or impermissible way of pleading negligence in connection with a traffic accident*.

(emphasis added). The Court agrees with the analysis above. Alleging that Boutwell violated certain traffic laws "is not a novel or impermissible way of pleading negligence in connection with a traffic accident." (*Id.*). Accordingly, the Motion to Strike is denied as to the references to Illinois Traffic Laws in Paragraphs 18(e)-(j) and 22(e)-(j).

CONCLUSION

For these reasons, the Motion to Dismiss filed by Defendants K & B Transportation, Inc. and Gerald W. Boutwell is **DENIED**. The Motion to Strike is **GRANTED in part and DENIED in part**. The Motion to Strike is **GRANTED** as to the details regarding "one (1) citation for larceny/theft; two (2) citations for solicitation prostitution; one (1) citation for soliciting another to commit prostitution . . . one (1) citation for fraudulent activities." (Doc. 39). The Motion to Strike is **DENIED** as to the remaining sections of Paragraphs 27, 34, 41(b) and the references to Illinois Traffic Laws in Paragraphs 18(e)-(j) and 22(e)-(j). The action will proceed on Pruitt's claims in Counts I-V.

**IT IS SO ORDERED.**

**DATED:  April 1, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**