IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAITLYN P. PRUITT,<br><br>      Plaintiff,<br><br>v.<br><br>K & B TRANSPORTATION, INC., and<br>GERALD W. BOUTWELL,<br><br>      Defendants. | Case No. 20-CV-750–NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Quash Issuance of Subpoena filed by Defendant K & B Transportation, Inc. ("K & B") (Doc. 58). K & B seeks to quash the subpoena issued to the Custodian of Records of Comdata Inc.

"Comdata is an issuer of trucking fleet fuel credit cards and provided fuel card services to [K & B]." (*Id*. at p. 1). Pruitt seeks "documents regarding Defendant Gerald Boutwell's fuel card transactions; receipts, checks, invoices, and other documents evidencing said transactions; messaging records from Boutwell's account, correspondence between Comdata and K & B; a cardholder summary; and K & B's contract or subscription agreement with Comdata." (*Id*.).

### BACKGROUND

On May 2, 2019, Boutwell, a driver for K & B, was driving a tractor trailer eastbound on U.S. Highway 50. (Doc. 31, pp. 2-3). Pruitt was also driving eastbound. (*Id*. at p. 3). At or near the intersection of North Sipley Road, Pruitt put her turn signal on and

began decelerating to turn. (*Id.*). Boutwell attempted to pass Pruitt, but ended up sideswiping the driver's side of Pruitt's vehicle. (*Id.*). Pruitt allegedly "sustain[ed] serious injuries to her neck, back, lower extremities, and head." (*Id.*).

On July 31, 2020, Pruitt commenced this action against K & B and Boutwell. (Doc. 1). Almost a year later, Defendants filed a Motion to Dismiss and Strike Pruitt's First Amended Complaint. (Doc. 32). Pruitt both responded to Defendants' motions and filed a Motion for Leave to File her Second Amended Complaint. Three days later, the Court granted Defendants' motions and denied Pruitt's Motion for Leave to File Second Amended Complaint as moot. (Doc. 37). The order noted that Pruitt's negligent hiring, negligent retention, and negligent supervision counts were "dismissed without prejudice, and Pruitt may timely reassert these allegations, if K & B retracts the admission upon which this ruling is grounded." (*Id.* at p. 8).

K & B never retracted its admission for responsibility for the conduct of Boutwell under a *respondeat superior* theory. Yet, in late August 2021, Pruitt's Second Amended Complaint *again* alleged negligent hiring as to K & B (Count III), negligent retention as to K & B (Count IV), and negligent supervision as to K & B (Count V)—the same claims that the Court previously dismissed based on K & B's admission for responsibility.

K & B and Boutwell timely filed a Motion to Dismiss and Motion to Strike under Federal Rules of Civil Procedure 12(b)(6) and 12(f).[1] Defendants argued that the Court should:

---

[1] The Court has subject matter jurisdiction over this action on the basis of diversity of citizenship. The parties are minimally diverse, as Pruitt is a citizen of Illinois. (Doc. 31). K & B is an Iowa

1) strike and/or dismiss Counts III, IV, and V;

2) strike paragraphs 27, 34, and 41(b); and

3) strike the references to Illinois Traffic Laws in paragraphs 18(e)-(j) and 22(e)-(j).

The Court denied the Motion to Dismiss, but granted the Motion to Strike as to the details regarding one citation for larceny/theft, two citations for solicitation prostitution, one citation for soliciting another to commit prostitution, and one citation for fraudulent activities.(Doc. 39). The Motion to Strike was denied as to the remaining sections of Paragraphs 27, 34, 41(b) and the references to Illinois Traffic Laws in Paragraphs 18(e)-(j) and 22(e)-(j). The action is proceeding on Pruitt's claims in Counts I-V.

## LEGAL STANDARDS

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* In addition to being relevant, the discovery sought must be proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365

---

corporation with its principal place of business in Nebraska, and Boutwell is a citizen of Missouri. (*Id.*). The amount of controversy exceeds $75,000.00, exclusive of interest and costs. (*Id.*).

F. Supp. 3d 916, 924 (N.D. Ill. 2019) (citing FED. R. CIV. P. 26(b)(1)).

A subpoena issued pursuant to Rule 45 is subject to the general relevancy standard for discovery described in Rule 26(b)(1). *See, e.g., Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004) (applying Rule 26(b)(1) to a subpoena for hospital records). A court must quash or modify a subpoena, however, if it would subject a person to undue burden, and a court *may* quash or modify a subpoena if it would require disclosure of confidential information or sensitive commercial material. FED. R. CIV. P. 45(d)(3). The party moving to quash bears the burden of persuasion and must show how the information requested is sensitive or creates an undue burden. *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012) (collecting cases).

## DISCUSSION

### I. Comdata Cardholder Summary

K & B objects to the request for a copy of the cardholder summary because "this Request is overbroad and is not limited to the relevant time period." (Doc. 58, p. 2). Pruitt responds the requested discovery from Comdata "is to fill in the information gaps in the documents already produced, which [K & B] presumably cannot or will not produce." (Doc. 65, p. 2). According to Pruitt, "[a] year's-worth of transactions would show a pattern of improper use by Boutwell which K & B had the data in front of it to detect but either failed to notice or chose to ignore." (*Id.* at p. 6). "In contrast, a single month's summary of transactions, as Defendant tacitly concedes is relevant, severely limits the ability to detect a pattern of conduct." (*Id.*).

Pruitt argues that "[the] petition alleges negligent retention and supervision of Boutwell by Defendant K & B, the history of Boutwell's usage of the Comdata card issued to him by K & B is absolutely relevant." (Doc. 65, p. 6). Simply put, the Court disagrees. Pruitt fails to explain how the pattern of improper use of the Comdata card is relevant to the accident. Indeed, Pruitt does not explain how K & B's review and supervision of the Comdata card is relevant as to K & B's knowledge of Defendant Boutwell's qualifications to safely operate a company vehicle.

Accordingly, the Court **GRANTS** the motion to quash as to a year-worth of transactions from the Comdata card. Pruitt's subpoena is limited to the 30-day pre-accident timeframe.

II.   **Comdata's Contract with K & B**

Under Federal Rule of Civil Procedure 45(d)(3)(B)(i), the Court may quash or modify the subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." According to K & B, "[t]his contract, which concerns fuel credit cards, contains K & B's confidential financial information, which is irrelevant to this truck accident case." (Doc. 58, p. 2). Pruitt notes that "any [ ] claims of confidential or proprietary status would be covered by the Protective Order entered in this case and would not present any real risk to Defendant or Comdata." (Doc. 65, p. 4). But the Court is worried about the use of financial information later in this litigation.

Besides the confidentiality concerns, Pruitt responds that she "seeks this document because the level and variety of services available to K & B, and thus the depth and/or

breadth of data points collected, will be different depending on the subscription(s) K & B has contracted for with Comdata." (*Id*. at p. 10). The problem is that Pruitt fails to explain how uncovering Comdata's services to K & B is relevant to the accident or relevant as to K & B's knowledge of Defendant Boutwell's qualifications to safely operate a company vehicle. Because there are confidentiality and relevancy concerns, the Court **GRANTS** the motion to quash as at to Comdata's contract with K & B.

## CONCLUSION

For these reasons, the Motion to Quash Issuance of Subpoena filed by Defendant K & B Transportation, Inc. is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:  May 17, 2022**

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**