IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAITLYN P. PRUITT,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>K&B TRANSPORTATION, INC., and<br>GERALD W. BOUTWELL,<br><br>　　　　　Defendants. | Case No. 20-CV-750–NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This case is before the Court on the Motion to Strike Count VI of Plaintiff Kaitlyn Pruitt's Third Amended Complaint filed by Defendant K&B Transportation, Inc. ("K&B"). (Doc. 102). For the reasons set forth below, the Motion to Strike is granted.

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides, "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The Seventh Circuit Court of Appeals has advised against moving to strike extraneous matter unless its presence in the complaint is actually prejudicial to the defense. *See Alexander v. Northeastern Illinois University*, 586 F.Supp.2d 905, 915 (N.D. Ill. 2008) (citing *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001)). "The determination whether to strike material under Rule 12(f) is within in the discretion of the trial court." *Logan v. Krupp,* No. 3:08-CV-869 WDS, 2009 WL 2929829, at *1 (S.D. Ill.

Sept. 10, 2009) (citing *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992)).

## DISCUSSION

"Duplicative counts in a complaint can form a basis for dismissal." *Kreher v. Polaris Indus., Inc.*, 2020 WL 7263285, at *3 (S.D. Ill. Dec. 10, 2020) (citing *DeGeer v. Gillis*, 707 F.Supp.2d 784, 795 (N.D. Ill. 2010)). "In weighing whether one count is duplicative of another, courts consider whether 'parties, facts, and requested relief … significantly differ.'" *Id.* (quoting *Reid v. Unilever U.S., Inc.* 964 F.Supp.2d 893, 919 (N.D. Ill. 2013) (citing references omitted). "In addition to evaluating similarities between the parties and the operative facts, district courts consider whether the allegedly duplicative claims require proof of the same elements." *Id.* (citing *Barrow v. Blouin*, 38 F.Supp.3d 916, 920 (N.D. Ill. 2014)). For example, "[i]n Illinois, negligent hiring is a distinct cause of action from negligent training and supervision." *Glickman v. Main-Niles Ass'n of Special Recreation*, 440 F.Supp.3d 946, 955 (N.D. Ill. 2020) (citing *Doe v. Coe*, 135 N.E.3d 1, 15 (Ill. 2019)).

Count VI is titled "Independent Negligence/Willful and Wanton Conduct." (Doc. 93, p. 14). According to Pruitt, "Count VI is not limited to K&B's relationship with Boutwell; rather, this count is alleging more broadly that K&B's lack of an adequate safety *training* and driver *monitoring* program resulted in K&B putting unsafe drivers behind the wheels of its tractor-trailers." (Doc. 106, p. 2) (emphasis added). Similarly, in Count IV, Pruitt alleges that "Defendant K&B was under a legal duty to exercise ordinary care to reasonably *supervise, oversee, and monitor its employees, such as Defendant Boutwell, in the safe use of its vehicles in order to protect member[s] of the public, including Plaintiff, against*

*unreasonable risks of harm.*" (Doc. 93, p. 11) (emphasis added). The Court fails to see the difference between K&B lacking an adequate safety training and driver monitoring program—and K&B failing to reasonably supervise, oversee and monitor its employees. For instance, if K&B lacks an adequate safety training and driver monitoring program, then K&B would also fail to reasonably supervise, oversee, and monitor its employees.

Pruitt attempts to distinguish Count VI by noting that "Counts III, IV and V allege K&B *failed to follow its own safety standards and policies* as they pertain to hiring/keeping Boutwell as its driver; Count VI alleges that K&B *failed to actually have adequate safety standards and policies at all.*" (Doc. 106, p. 5) (emphasis added). Not only does the Court disagree with Pruitt's characterization of Count IV, but also Pruitt alleges in Count III that "Defendant K&B breached its duty to exercise ordinary care . . . in connection with its decision to retain Boutwell as an employee insofar as Boutwell was unqualified to operate a commercial motor vehicle based upon his driving history, inexperience, lack of skill, *lack of training and lack of knowledge.*" (Doc. 93, p. 9) (emphasis added). Within the same count, Pruitt alleges that "Defendant K&B thereby showed a complete indifference to and conscious disregard for the safety of others, in that, at all relevant times, Defendant K&B knew or had information from which it, in the exercise of ordinary care, should have known that the conduct described above and/or its *other violations of industry standards, safety regulations, statutes, and its own safety policies, created a high degree of probability of injury.*" (*Id.* at p. 11) (emphasis added).

According to Pruitt, "Count VI alleges that Boutwell is just a symptom of the disease that is K&B's failure to implement a proper safety training and compliance

enforcement program at the company." (Doc. 106, p. 2). But Count III and Count IV already accomplish this. Accordingly, the Court strikes Count VI from Pruitt's Third Amended Complaint.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Motion to Strike Count VI of Plaintiff Kaitlyn Pruitt's Third Amended Complaint filed by Defendant K&B Transportation, Inc.

**IT IS SO ORDERED.**

DATED:   November 28, 2022

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**